IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEFFREY SCOTT SHAPIRO,

Plaintiff,

v. Civ. No. 02-1275 RLP/LFG

LAWRENCE SCHILLER, HARPER COLLINS PUBLISHERS, INC. and DOES 1-25,

Defendants.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Defendants' Motion to Dismiss, brought pursuant to Fed.R.C.P. 12(b)(3) (improper venue), 28 U.S.C. § 1391(a), and 28 U.S.C. § 1406(a). This is a cause brought pursuant to 28 U.S.C. § 1332 and alleges the amount in controversy exceeds $75,000.

In 1997 Plaintiff Shapiro was a reporter for a weekly paper, The Globe, and was assigned to investigate the murder of Jon-Benèt Ramsey in Boulder, Colorado. Defendant Schiller is the author of Perfect Murder, Perfect Town: The Uncensored Story of the Jon-Benèt Ramsey Murder and the Grand Jury's Search for the Truth (the "Book") which was published by Defendant Harper Collins. This action is based on the following sentence in the Book: "Several months later, the FBI talked to Shapiro about the possibility that he had engaged in extortion with Thomas." *See* Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Complaint ("Plaintiff's Memorandum"), at 2.

Plaintiff Shapiro is a resident of Florida. Defendant Schiller is a resident of

California. Defendant Harper Collins Publishers, Inc., is a corporation with its principal place of business in New York. Other than the nationwide publication of the Book, there are no contacts with New Mexico by any party.

In a diversity action, venue is determined by 28 U.S.C. § 1391(a), which provides that the action may be brought only in (1) the judicial district where any defendant resides; (2) a district where a substantial number of acts or omissions occurred; or (3) a judicial district where any defendant is subject to personal jurisdiction "if there is no district in which the action may otherwise be brought." That last provision, § 1391(a)(3), applies only when sub-parts (a)(1) and (2) are inapplicable and a significant number of events giving rise to the action occurred outside of the United States. *See* 17 James Wm. Moore, *et al., Moore's Federal Practice* § 110.02[2][d] (3d ed. 1999). Thus, § 1391(a)(3) is inapplicable to this action. *See also Doctor's Assoc., Inc. v. Stuart*, 85 F.3d 975, 983 (2nd Cir. 1996); *Peripheral Vision Infosystems, Inc. v. Maryville Data Systems, Inc.*, 1999 WL 713966, *3 (D. Kan. 1999) (unpublished opinion) (because action could have been brought in another jurisdiction, arguments for application of § 1391(a)(3) are moot)).

As to § 391(a)(1) and (2), it is undisputed that no defendant resides in New Mexico and that *no* events giving rise to this action took place in New Mexico. Accordingly, venue in New Mexico is improper whether or not this court has personal jurisdiction over the parties. *See Leidholdt v. L.F.P., Inc.*, 647 F. Supp. 1283, 1286 (D. Wyo. 1986) (*Keeton v. Hustler*, 495 U.S. 770 (1984) "expanded jurisdiction for libel plaintiffs, it did not expand venue"). Because venue in this district is improper, the court finds that 28 U.S.C. § 1406(a) applies to this case without reaching the issue of whether this court has personal

jurisdiction over Defendant Schiller.

Section 1406(a) provides that when venue is improper, the case shall be dismissed or, in the interest of justice, transferred to any district in which the case could have been brought. Cases have held that the "interest of justice" standard is met when the plaintiff could not reasonably have foreseen that venue was improper. *See Nichols v. G. D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993); 15 Charles A. Wright, Arthur Miller, & Edward Cooper *Federal Practice and Procedure* § 3826 (2d ed. 1986 & Supp. 2002). New Mexico was chosen solely for its three-year statute of limitations rather than any contact with parties or events giving rise to this action. Accordingly, at the time of filing it was obvious that venue was improper in this forum and the case will be dismissed.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendants' Motion and Memorandum of Law to Dismiss the Complaint [Doc. 12] is granted pursuant to Fed.R.Civ.P. 12(b)(3) and this case is dismissed without prejudice.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)

FOR THE PLAINTIFF: Edward Chavez, Esq.
Neville L. Johnson, Esq.

FOR THE DEFENDANTS: William S. Dixon, Esq.
Slade R. Metcalf, Esq.